number 14-1772, Mr. Dionne and Ms. Cushenbaum. Good afternoon, your honors. Thank you for giving me this opportunity to argue what I believe to be a noble case on behalf of my client. Do you wish to reserve any time for rebuttal? Oh, yes. Five minutes. I don't know if I'll need that long. Okay. Just in case. No problem. Thank you. The lower court basically created a factual conclusion to determine that Ms. Hansler, her request for certification for FMLA leave was negative on its face. Well, when she submitted it, she did not know that she had diabetes, right? That is correct. It said nothing about that. Yes. Is it not at the time the letter is submitted, is that not the time at which the factual conclusions as to the defendant's condition should be drawn? Well, your honor, in January 2009, the regulations were amended to section 305C, I believe, was amended to give seven days to clarify any deficiencies. I'm talking about the date at which the application is submitted. Is that not the application should reflect the physical condition of the plaintiff on that date? Yes, and the complaint. And it did, right? Yes, the complaint. And it was found to be insufficient. The complaint set forth. And therefore, there is no complaint to amend because it was insufficient in the first place? No, your honor. There was no need to amend the supporting. Well, there was no need to amend the complaint because the application because it was found to be insufficient on its face, and that is reflected in the facts known as of that date. Right. The key word is insufficient, your honor, if the certification is found to be insufficient. Does it reflect the facts known as of that date? I'm sorry, your honor? Does it not have to reflect the facts known as of the date of the application? Yes. And were not those facts not adequate to make a claim? That was the basis of the claim being turned down, the application being turned down, because there was not sufficient cause to grant FMLA leave. Well, the doctor didn't put all the facts. As of the date of application. That would be, if we were to come to that conclusion, then we're making a, we're not interpreting the facts in the most favorable to the underlying claim. As of the date of the application? I'm sorry? As of the date of the application. Right, because I can say that there is a possibility that the doctor could have amended the certification to say that he was testing her to see if she had diabetes or high blood pressure, which are, and that he suspected that she suffered from a chronic condition. However, that's the chance you have to give. If I remember correctly, the district court in this case didn't say it was insufficient, it said it was negative. It was a negative certification. Is that right? Right, but the complaint says it's insufficient. So the judge now is putting. Well, if it's insufficient, that's good for you, right? Correct. In other words, the judge said facially it was negative. That is, she actually can work. That's what it means. But she doesn't qualify. She doesn't qualify. Right. Her medical condition, and she knew it when the application was made, was not a basis for FMLA leave. And as reflected in the application, the employer turned it down. Right. And in my complaint, I state, well, my client's complaint, amended complaint, that it was denied because it was insufficient. And therefore, being insufficient, she has to be given seven days to correct that insufficiency. Can a certification never be negative, meaning you don't qualify? Facially. Yes. Facially, yes. Yes, after you give your, try to fix your insufficiency after seven days, then. No, no, no. We're talking about. No, initially it would be, in other words, a doctor's letter saying that this person has X in my view. Poison ivy. Poison ivy. And this will not require this person to miss work. That's a negative statement. So you don't qualify at the get-go based on a whole host of cases. Is that what occurs here? I would say based on the current law, no. The current regulations, because it could be chronic poison ivy, you don't know. You have to give the person a chance to correct any deficiency. But if the statement is very clear that this person doesn't qualify, such as you don't have to take any time off from work, you can go right to work, you're infected or affected by poison ivy, why isn't that a negative certification? Why can't the company just say, okay, I don't have, this doesn't, there's nothing to cure. Your Honor, we can't be doctors as judges or lawyers. I wouldn't even think of that. That would be malpractice. All I can say is that there could possibly be a condition that involves poison ivy that could result in a chronic condition. And in this case, you needed a chronic condition because it was intermittent leave for a chronic medical condition. There are actually eight requirements for FMLA certification for intermittent leave. And two of those conditions, one is the duration of the leave itself, and another one is the duration of the medical condition. So the judge saying that the duration of the leave indicates it's not a chronic medical condition, he's ignoring the FMLA regulation itself. It's right in the FMLA in 29 U.S.C. 2613d. So is your argument essentially that what happened here is that the doctor gave an incomplete letter, he was trying to diagnose the situation, the fact that it was incomplete under the statute and the regs makes it necessary for them to respond back saying, it's incomplete, make it more complete, and you've got seven days to do it? Yes, Your Honor. A doctor is not a lawyer, and a lawyer is not a doctor. The doctor doesn't know what to put in there, so the employer had its right to ask for a clarification, but there was enough there to show that there was a possibility of the need for FMLA leave in the certification because she was suffering from shortness of breath, nausea and vomiting, and the doctor felt that she needed intermittent leave for two days a week. So hearing that, you're going to say, oh, just nausea and vomiting. You may say that, and that's not a serious medical condition. Or you can say, well, hey, maybe I should find out a little bit more about this. Would she have reapplied after she got her diagnosis? She was terminated, and then she got her letter informing her that the FMLA leave was denied after she was terminated. She was terminated on March 28th, and the letter was dated March 26th. March 26th, but she received it later. So all the circuit court cases that I've looked at indicate that you need to – that the employer has to give additional time for the person to correct any insufficiency in the certification. The Verdaki case – Just curious. Could it have been corrected since the diagnosis of diabetes came much later? In early April. Yeah, earlier. Well, Your Honor, that's – in the complaint, we're alleging that – It's hypothetical. You don't have to deal with – In the complaint, we're alleging factually that it would have been corrected had she been given the seven days because she actually learned in early April that she had diabetes and high blood pressure. Yeah, but if the employer had sent down a letter and given seven days to cure, the diagnosis of diabetes would not have been available. Well, the letter was written on the 26th of March. Is it March? March. It is March of 31. March. 31. Okay. So it's either the 2nd or the 3rd of April that she would have received the letter. Now, if the – let's say that the test results were pending. The doctor could have asked for an extension, and under the FMLA, you only have to give notice or certification as soon as practicable. So you could reasonably imply that the doctor would have said, okay, I can give you more information, but let's wait for the test results. When does that seven-day period begin? I'm sorry, Your Honor? Seven-day cure period, when does it begin? The seven-day cure period begins when the employer puts the person on notice that they have seven days to cure their deficiency. Is that it? I think – what's that? It's not the date of the letter, I assume. It's when you receive the letter or when you're deemed to have received the letter? I think that there's a limit to how long they can wait to ask for the seven days, but in this case, it looked like they were going to – they made their decision on the 26th. So inferring the facts in the light and most favorable of the plaintiff, I would assume that that request would have been done on the 26th. Let's hear from Ms. Kirshenbaum, then we'll get you back. Thank you, Your Honor. Good afternoon, Your Honors. I'm Andrea Kirshenbaum for the Appalachia – Lehigh Valley Health Network. When you get a letter from a doctor, in this case it's what handled in – somebody in HR handles it? Is that correct? I'm sorry, Your Honor? When you get a letter from a doctor saying your employee is out, I'm treating this employee, et cetera, and who handles it initially, HR? Human Resources, yes, Your Honor. And they would see right away that this letter was – doesn't comply with the type of information they need under the FMLA? Correct. And so the normal – the protocol according to the regs is that you tell them, hey, this is incomplete, here's where it's incomplete, you've got seven days, correct? Well, incomplete or inadequate. So I think it would depend on what's in the form. Here what the plaintiff is alleging is that the form was insufficient. I don't take plaintiff's argument below and plaintiff's argument in the appellate brief to be that it was incomplete. So in order for it to be insufficient, insufficient is defined by Section 305C as vague, ambiguous, or nonresponsive. And I don't believe either below or before this court that plaintiff's counsel has argued that the certification at issue was vague, that it was ambiguous, or that it was nonresponsive. In fact, the argument below and the argument here seems to be that had the plaintiff been given a cure period that she wasn't otherwise entitled to under the law, she would have bought herself a sufficient amount of time to have been eligible at a later moment in time. Why was she not entitled to a cure period? She was not entitled to a cure period because, as alleged by the plaintiff in her complaint, there's only one paragraph, Paragraph 7 in the complaint, that references what is stated in the certification form. The only information was that the plaintiff had been suffering from a condition starting on March 1st. The certification is dated 13 days later on March 13th. The certification states that she was seeking intermittent leave of two times a week for a period of one month. So given that the plaintiff is pursuing an argument that she was entitled to up and away. It sounds like the doctor is trying to get to a diagnosis here. I mean, he's got symptoms that would often disqualify somebody from work, nausea, vomiting, at least for some period of time, and he's got to get to the bottom of this. It takes until early April for him to do so. So it sounds like what he sent on March 13th, would you say it just didn't – that she had a chronic condition? It certainly didn't, but it didn't provide any information for a possible basis that there was a chronic condition. And I think that the statement that Mr. Dionne is making that the certification was seeking additional time to obtain a diagnosis, that's nowhere alleged in the complaint. You know, apart from that, your focus is on the complaint, but it seems to me that the regulation speaks to the obligation of the employer. In other words, it tells you what you're supposed to do. You should have done what the regulation tells you to do. In other words, if you get a certification that's insufficient, you have to provide, under the regulation, regardless of what Mr. Dionne says, you have to provide an opportunity to cure. Seven days, right? Separate from this case, separate from the complaint. And the question is, did you do that or did you not? Well, so I think that the regulation clearly requires a cure period if a certification is insufficient. And I would submit to this court that based on what was submitted to Lehigh Valley Health Network, and as plaintiff has alleged, that certification was not insufficient as that term is defined by the FMLA regulation. Wait a minute. You just lost me. I thought in response to Judge Ra's question that you said – she used two adjectives. You said the one you came back with was insufficient. So in response to the question whether it was incomplete or something else, you said, well, it was at least insufficient. Now I hear you saying something different. I don't remember that. Oh, I don't remember that either. I don't – I'm not taking the position that the certification was insufficient. That is certainly not the position that I'm taking. That is the position that Mr. Dionne is taking. My position is that Mr. Dionne's complaint does not plausibly allege that the certification form provided any basis whatsoever to infer a possible chronic serious health condition. Had there been an insufficient certification – The definition of insufficient, whether you allege it, is that if the employer receives a complete certification but the information provided is vague, ambiguous, or nonresponsive. That's under 29 CFRA 25305C. So was this insufficient or not insufficient? The certification form here was not insufficient. The certification form was not vague. The certification form wasn't ambiguous. The certification form wasn't nonresponsive. There are no allegations in the record that the certification form stated anything along the lines of, I mean, we're trying to get to the bottom of this and we just need more time. Would you tell from the certification what her medical problem was? Why she was requesting two days? Why the doctor, rather? Why the doctor was suggesting that she have two days off each week? So the certification form is not in the record in this case. So if you're asking me what it is that's stated in the certification form, I'm happy to provide that information to you, but it's not in the record. I mean, you received the certification. Yes. You know what we're talking about. Absolutely. So the certification form at issue here said cold symptoms. I'm sorry? The certification form at issue here said cold symptoms. Could you not send a request for clarification? I mean, cold symptoms could be pneumonia. It could be something really serious. It could be just a cold. I mean, the regulations are very explicit. If the certification doesn't give you sufficient information so that you know what to do, then I understand the regulation to say you have to do this. You have to send a notice to the doctor to ask for more information, basically. So my understanding of the regulation is that FMLA is only required for situations where an individual suffers from a serious health condition and there are various different possibilities for that. She may not qualify. Right. So she didn't allege in her complaint, nor is it before this court, whether she had inpatient treatment. She didn't allege that she was incapacitated for more than three consecutive days. So the only basis upon which the plaintiff seeks relief is that there was some information in that certification form that provided a basis to conclude that there was a chronic condition, and that chronic condition required that the condition be over an extended period of time. She had been suffering from that condition for 13 days. You don't know if the condition that she was suffering was chronic or not. What you know is that the certification said she had a cold or something like that. Yes. But at that point, you say you have no obligation to inquire further. You have no obligation under the regulations to send a letter out requesting clarification. Not under that factual circumstance because a cold is not a serious health condition, as that term is defined by the FMLA. There were no other pieces of information that would have caused further inquiry. And the moment in time, as Judge Roth stated, that is of significance is the moment in time that the form is submitted or that the leave is requested to be taken, and that's the middle of March. And as of that moment in time, there was no information that even the plaintiff knew that she was suffering from a chronic condition. Under the regulations, the hospital's letter requesting further information or affording an opportunity to cure is only triggered when the certification itself suggests a serious health condition. If the form is insufficient or if the form is incomplete, then the hospital will be obligated. But it's not triggered just because a serious health condition is not mentioned in the certification. So to me, what insufficient means is that there is some information that might suggest a chronic serious health condition, but not a sufficient amount of information to reach that conclusion and that more information was needed. But on the face of the certification, there was no basis to conclude that plaintiff's symptoms or what was stated in the certification was a chronic condition. If I understand the district court's decision in this case, he said that the certification was negative? Yes. Could you talk about that? I don't know that the regulation embraces or mentions the word negative. So the district court was relying upon two decisions, the Stoops decision out of the Seventh Circuit  and that way of cases is really that if you can tell from the face of a certification that the individual doesn't qualify for FMLA leave, that there's no obligation triggered to request additional information. That they will be, as far as I understand, Stoops and the other cases that they can come back to work. There's nothing really disabling them. That's on its face. That's clearly not what's on this March 13 letter, is it? So I think the Stoops and the networking decision stands for the proposition that if you can tell from the face of the complaint the person's not eligible for FMLA leave. What I think Judge Fuentes is asking, and I'm asking the same, is how could you tell from the face here that this is a negative certification? Everything's okay. This person's going to be back fit as a fiddle and no need to take time off. It sounds like what really was happening here is the doctor's trying to figure it out. You've got to give doctors some time to try to diagnose what's happening with the patient. And if that had been stated in the certification form, maybe we would be in a different situation, but there's no factual allegation that that's what was stated. You're not going to get a doctor to say, I'm trying to figure it out. I understand. You've been there, huh? Yeah. I think fundamentally the holding of the district court is that plaintiffs had not pled a sufficient quantum of information with regard to the certification form and in general for the court to infer that the plaintiff was eligible for FMLA leave. And I think that's distinct from what Mr. Dionne is speaking about in terms of notice. I think that the line of cases with respect to notice is an opposite because we're past the notice phase. The plaintiff actually applied for FMLA. So the real question is eligibility for FMLA leave here. The question really becomes if you had sent something back, the argument would be, it says here you're deficient or insufficient here or whatever, or however you want to put it, incomplete. You haven't given us the information that we need. Here's what we need. He would have had another week, and by that time he would have diagnosed the two conditions that he ultimately did. It seems that this case fits easily within that regulation, and that's why it's there. You have a time to correct before you terminate. I think that the regulation only provides for that time to correct under certain circumstances and that essentially the argument made by Mr. Dionne is that automatically all employees should have a second bite at the apple, that second opportunity, even where there's no basis to infer from the face of the certification that the individual has any eligibility for FMLA leave. And that would be to ignore 305C if the application was beyond incomplete or insufficient. You know, the purpose of the regulation, I was trying to think about this, it seems like it's remedial in nature, much like we say in statutes, a remedial to cure deficiencies of the past. Instances where, for example, employees get fired for missing a couple of days' work despite a doctor's note and so forth. So in that light, I'm wondering if we should interpret it as remedial regulation to affect its purposes, which is to require, even in cases of doubt, an opportunity to cure. So that would, in effect, eviscerate the limitations of incomplete and insufficient and require a second opportunity. You know, if it's insufficient, I think the regulation speaks very clearly to that, if it's insufficient. Mr. Dionne doesn't argue that it is, in fact, I mean, he argues it's insufficient. Those are the words used in the regulation, right? Incomplete or insufficient. Yes. And then insufficient is defined as vague, ambiguous, or nonresponsive. And I think as that term is defined by the regulation, Mr. Dionne doesn't argue that the certification was vague. He doesn't argue that it was ambiguous, and he doesn't argue that it was nonresponsive. Was it incomplete? Mr. Dionne doesn't argue that either. Not as of the date it was submitted. What Mr. Dionne argues fundamentally is that the plaintiff didn't have a diagnosis. Had she had a diagnosis, that the situation would have been differently. But employers aren't required to look into the future and this court shouldn't impute knowledge to an employer or to anyone that is unknowable as of the moment in time that the certification form is submitted. Isn't that why you have an extra week to try to get the knowable information that's unknown at the time the certification is sent? Well, if the certification form said an individual undergoes testing and requires X and Y, if there had been inpatient treatment, then she would have qualified. If there had been absence for more than three consecutive calendar days with continuing treatment, she would have qualified. There are various different circumstances under which she could have potentially qualified, but she didn't qualify under any of those circumstances. And so Mr. Dionne is reaching to the chronic regulation because it alleviates his obligation for inpatient treatment for more than three days of incapacity. But the record is clear that she didn't have a diagnosis of a chronic condition and she didn't provide any information in the certification that would have put Lehigh Valley Health Network on notice that she was suffering potentially from a chronic serious health condition. Thank you very much. Thank you. Mr. Dionne. Thank you, Your Honors. I just have a couple of brief points to make. The Burnett case was the closest in fact pattern to this case, a Seventh Circuit lower court case where the plaintiff had undiagnosed prostate cancer and asked for a month-and-a-half intermittent leave. In that case, the lower court determined based on the Seventh Circuit case, where a lot of my case laws are coming from, they said they easily concluded that Burnett satisfied the third and fifth elements of a premaphasic case of discrimination based on the FMLA. Those elements are set forth in my brief, but the point that I'm trying to make is that this particular fact scenario that occurred was not, this woman wasn't joking around. It wasn't, I mean, I could see situations where FMLA leave probably could be denied on its face, negative on its face, but in this particular situation, I think that the way the facts were presented in the complaint that it was something to be taken seriously. How did you address the issue of the certification in your complaint? In my complaint or in the brief? No, in your complaint. In the complaint? Ms. Kirshenbaum was talking about what you say in your complaint and suggesting that you mention none of the arguments that the certification was insufficient or incomplete. Well, Your Honor, in paragraph 15 of my complaint, I allege that defendant's denial was improper because defendant, oh wait, I'm sorry, in paragraph 14 of my complaint, I allege that defendant's denial was based on defendant's opinion that the information provided by the plaintiff's physician was not sufficient, was insufficient to show the plaintiff suffered from a serious health condition. So I know it's a factual conclusion, but that's what we're setting out to prove in our discovery. We can't really, all we know is that it was denied unfairly, and the plaintiff believes that it was denied because they felt it was insufficient in some way. And then in paragraph 15, I say, well, she should be given seven days to correct that insufficiency. These are the facts that the plaintiff put forward in the complaint, and these facts must be accepted as true for purposes of this motion. So that's it. All right. Thank you very much. Appreciate it. Thank you. Thank you to both counsel, and we'll take the matter under advisement and recess the court.